**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

**RONALD J. TOKE,**

        **Plaintiff,**

-vs-                                                 **Case No.  3-:04-CV-222**

**RUSS HADICK & ASSOCIATES PROFIT
SHARING PLAN AND TRUST, et al.,**

                                                            **Judge Thomas M. Rose**

        **Defendants.**

---

**ENTRY AND ORDER OVERRULING PLAINTIFF'S MOTION TO DISMISS (Doc. #38), OVERRULING PACSI'S MOTION TO DEEM REQUESTS FOR ADMISSIONS ADMITTED (Doc. #20); OVERRULING PLAINTIFF'S MOTION TO STRIKE (Doc. #45) AND GRANTING, TO THE EXTENT A NEW DATE IS SET, PLAINTIFF'S MOTIONS FOR EXTENSIONS OF TIME TO RESPOND TO THE DEFENDANTS' MOTIONS TO DISMISS (Doc. #30, 40, 41, 51, 52)**

---

       This ERISA claim arises from the participation of Plaintiff Ronald J. Toke ("Toke") in the Russ Hadick & Associates Profit Sharing Plan and Trust (the "Plan"), a Defendant in this matter. The Plan was offered by Defendant Russ Hadick and Associates, Inc. and Defendants Russell Hadick, Karol Hadick and Bob Hadick were, at various times, allegedly trustees of the Plan.[1]  Defendant Pension Administrator and Consulting Services ("PACSI") was allegedly the administrator of the Plan.

       Toke's Amended Complaint includes four Counts. Count I is against Russell and Karol Hadick for breach of fiduciary duty. Count II is for unjust enrichment against Bob, Russell and

---

[1] Russell Hadick, Karol Hadick, Bob Hadick, Russ Hadick and Associates and the Plan are collectively referred to herein as "The Hadick Defendants."

Karol Hadick and against Russ Hadick and Associates. Count III is against Bob, Russell and Karol Hadick and against Russ Hadick and Associates for failing or refusing to turn over a copy of the Plan to Toke. Count IV is against PACSI for failing or refusing to turn over a copy of the Plan to Toke. Finally, Count V is against Bob and Karol Hadick for telling Toke that he had to participate in the Plan.

PACSI crossclaimed against the Hadick Defendants. PACSI's crossclaim sought contractual indemnity, common law indemnity and contribution. PACSI's crossclaim has now been dismissed by agreement of the Parties involved. (Doc. #39).

The Court conducted an in-chambers conference on August 22, 2005, in an effort to resolve the remaining claims. Toke indicated a willingness to dismiss his claims but the parties were unable to agree upon the conditions of dismissal, including attorneys' fees. Therefore, the Court will address the Motions that are now ripe for adjudication.

## MOTION TO DISMISS

Toke moves to dismiss his action against the Hadick Defendants and PACSI without prejudice pursuant to Fed.R.Civ.P. 41(a)(2). Toke argues that he wishes to dismiss his action because he is experiencing ongoing serious health problems, because he and his wife have had a death in the family and because he is unable to handle the stress of litigation at this time.

Both the Hadick Defendants and PACSI oppose dismissal without prejudice. The Hadick Defendants agree to dismissal with prejudice but not without prejudice. PACSI does not agree to dismissal with or without prejudice and argues that dismissal without prejudice would result in plain legal prejudice to PACSI.

Whether dismissal should be granted pursuant to Rule 41(a)(2) is within the "sound discretion" of the district court. *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994). Also, the primary purpose of requiring court approval under Rule 41(a)(2) is to protect the nonmovant from unfair treatment. *Id.*

The test for whether a dismissal without prejudice is permitted is whether "plain legal prejudice" to the nonmovant would result. *Id.* In *Grover*, the Sixth Circuit identified four factors to be weighed by the district court when considering whether a voluntary dismissal without prejudice results in "plain legal prejudice." *Id.* The four factors are: (1) the nonmovant's effort and expense of preparation for trial; (2) excessive delay and lack of diligence on the part of the movant; (3) insufficient explanation for the need to take a dismissal; and (4) whether a motion for summary judgment has been filed by the nonmovant. *Id.*

<u>Nonmovant's Effort and Expense In Preparation for Trial</u>

Both the Hadick Defendants and PACSI, the nonmovants, argue that they have expended substantial time, effort and expense thus far. The case was filed over a year ago and PACSI and the Hadick Defendants have engaged in discovery, including discovery disputes, have dealt with crossclaims, have addressed an Amended Complaint, have prepared and filed Motions for Summary Judgment and have now responded to Toke's Motion To Dismiss without prejudice.

In addition to the efforts by both PACSI and the Hadick Defendants, the Hadick Defendants alone have had to obtain substitute counsel. They also argue that they have incurred additional expenses to make sure that the Plan was properly terminated and that Toke has received the full amount of his plan benefits in the amount of $122,000. The Hadick Defendants

also argue that they incurred substantial expense in defending themselves against administrative claims and a State Court employment case filed by Toke.

Toke responds that neither PACSI nor the Hadick Defendants were put to any considerable expense because no depositions have been taken and the trial of this action was not set to commence until February 6, 2006. Also, Toke responds that he was not a party to the crossclaim nor the discussions resulting therefrom.

However, this factor weighs heavily in favor of PACSI and the Hadick Defendants. The litigation was in progress for a considerable period of time and they had incurred substantial time, effort and expenses before Toke brought his Motion To Dismiss, a Motion that was brought after both PACSI and the Hadick Defendants had completed enough discovery to file their Motions for Summary Judgment.

Excessive Delay and Lack of Diligence

PACSI and the Hadick Defendants argue that Toke, the movant, has lacked diligence and exhibited delay in the prosecution of his ERISA claims. This action was filed in June of 2004 and Toke waited until February of 2005 to seek amendment of his Complaint. Also, Toke was not diligent in responding to discovery requests resulting in a Motion To Compel Admissions Admitted. Toke has also sought at least two extensions of time to respond to PACSI and the Hadick Defendants' Motions for Summary Judgment. Finally, Toke waited until after both PACSI and the Hadick Defendants filed Motions for Summary Judgment to seek dismissal without prejudice.

The excessive delay and lack of diligence issue has not been fully briefed for purposes beyond this Motion To Dismiss. However, while the Court does not, at this time, specifically

find that Toke has excessively delayed or lacked diligence in his prosecution of this matter, this factor weighs heavily in favor of PACSI and the Hadick Defendants for the purposes of evaluating Toke's Motion To Dismiss.

### Insufficient Explanation for the Need for a Dismissal

The explanation offered by Toke is that he is experiencing ongoing serious health problems, he and his wife have had a death in the family and he is unable to handle the stress of litigation at this time. While this argument is not supported by legal evidence of any type such as affidavits, or by any details, the Court will accept it as true for purposes of this motion. This factor weighs in favor of Toke.

### Whether a Motion for Summary Judgment Has Been Filed

PACSI filed a Motion for Summary Judgment on May 27, 2005. Toke then filed an Amended Complaint and PACSI informed the Court that its Motion for Summary Judgment would not be impacted by the Amended Complaint. On July 15, 2005, the Hadick Defendants filed a Motion for Summary Judgment. Then, on July 21, 2005, after both PACSI and the Hadick Defendants had filed Motions for Summary Judgment, Toke filed his Motion To Dismiss. Because Toke waited until after PACSI and the Hadick Defendants filed their Motions for Summary Judgment to file his Motion To Dismiss, this factor weighs heavily in favor of PACSI and the Hadick Defendants.

### Toke's Arguments

Toke first argues that Counsel for PACSI has continued to perform legal services and incur attorneys' fees regarding this case in spite of the fact that he knew that Toke was attempting to achieve a voluntary dismissal. However, Counsel for PACSI has merely continued

to protect his client's legal rights by following the case administration schedule set forth and not modified by the Court.

Toke then cites *McCants v. Ford Motor Co.*, an Eleventh Circuit case, for the proposition that PACSI and the Hadick Defendants must suffer **legal** prejudice other than the mere prospect of a subsequent lawsuit. 781 F.2d 855 (11th Cir. 1986). In *McCants*, the Eleventh Circuit found that dismissal without prejudice should have been permitted. However, in this case, PACSI and the Hadick Defendants have successfully argued that they have suffered **legal** prejudice other than the prospect of a subsequent lawsuit.

The nonmovants in *McCants* also argued that they would suffer the loss of a valid statute of limitations defense if the matter was dismissed without prejudice. However, the loss of a statute of limitations defense is not an issue here.

The Eleventh Circuit remanded *McCants* to determine whether costs and conditions should have been attached to the dismissal without prejudice. In this case, the issue of costs has not been fully briefed and is not addressed herein.

Summary

Three of the four factors considered to determine if "plain legal prejudice" would result from a dismissal without prejudice weigh heavily in favor of PACSI and the Hadick Defendants. If Toke's unsupported argument regarding his reason to allow a dismissal without prejudice is accepted as true without further evidence, this factor weighs in favor of Toke. In sum, three of the four factors weigh heavily in favor of PACSI and the Hadick Defendants. Therefore, PACSI and the Hadick Defendants would suffer "plain legal prejudice" if Toke's Amended Complaint

were dismissed without prejudice and Toke's Motion for an Order Dismissing Case (Doc. #38) is OVERRULED.

Toke asks that, should the Court determine that a dismissal with prejudice is ordered, he be given the opportunity to decide if he wants to withdraw his motion and have the case conclude to a decision on the merits. On this, Toke shall have his wish albeit it indirectly. Dismissal with prejudice is not ordered and the Court will proceed to decide the issues on their merits.

## MOTION TO COMPEL ADMISSIONS ADMITTED

PACSI seeks to have its Request for Admissions deemed admitted because Toke's initial and amended responses do not conform to the requirements of Fed.R.Civ.P. 36(a). According to PACSI, Toke's initial response does not conform to Rule 36(a) because Toke answered "Not Applicable" and "Unknown" without further explanation.

Toke's Counsel responds that she was not aware that Counsel for PACSI had any objections to the initial response until the Motion To Deem Requests Admitted was filed. She further responds that Toke did not come to her office until February 1, 2005, nearly five months later, and the Amended Response to PACSI's request for admissions was faxed to PACSI's Counsel on that same day.

PACSI then replies that the amended responses were not served until nearly five months after the request. Further, some of the answers in the amended response still do not satisfy Rule 36(a).

Requests for admissions in a federal case are governed by Fed.R.Civ.P. 36(a). *United States v. Operation Rescue National*, 111 F.Supp.2d 948, 967-68 (S.D. Ohio 1999). Rule 36(a)

provides that a matter is admitted unless the party to whom the request is directed answers or objects to the requested admission. *Id.* (quoting Fed.R.Civ.P. 36(a)). The answer should specifically deny the request or set forth in detail the reasons why the answering party cannot truthfully admit or deny the request. *Id.* Further, an answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that it has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny. *Id.*

PACSI cites Ohio Appeals Court cases for the law regarding the interpretation of Rule 36(a). However, even though the language in the Federal Rules of Civil Procedure and the Ohio Rules of Civil Procedure may be the same, the Ohio courts were Ohio courts interpreting Ohio law and not Federal courts interpreting Federal law. Therefore, since the issue here involves the Federal Rules of Civil Procedure and this is a Federal court, the Ohio cases cited by PACSI are not applicable.

Turning to the specific Request for Admissions at issue here, Toke's initial responses to Requests one (1) through twenty-four (24) were either "plaintiff cannot truthfully admit or deny the matter because the answer is unknown" or "see above" or "not applicable." These responses are not in accordance with the requirements of Rule 36(a).

Requests for Admissions twenty-five (25) through thirty (30) were based upon the "Third Party Administrative Service Agreement" (the "Agreement") which was supposed to be attached to the Request for Admissions. Toke's initial response to these Requests was essentially that the Agreement was not attached to the Request for Admissions. PACSI does not deny this allegation but argues that the Agreement had already been produced to Toke, presumably at some other

time. Toke replies that he does not know whether any copies of the Agreement that he may have previously received were the same as the copy that PACSI referred to but apparently failed to include with its Request for Admissions. Since a copy of the Agreement was said to be but was not included with PACSI's Request for Admissions, Toke cannot be found to have failed to properly respond to Requests for Admissions twenty-five (25) through thirty (30) by indicating that the Agreement was not attached.

When Counsel for Toke became aware that PACSI was dissatisfied with Toke's original responses to the Request for Admissions, she prepared, with Toke's help, amended responses. The amended responses to Requests one (1) through twenty-four (24) essentially indicate that Toke cannot truthfully admit or deny the Request, that Toke is in the process of obtaining the necessary information by way of discovery and that Toke could not arrive at a definitive answer until discovery has been completed. This amended answer was provided to PACSI on February 1, 2005.

The answer that Toke was waiting for discovery has merit in that the Request for Admissions was served more than two (2) months before discovery officially began and the amended answer was served four (4) months before discovery was to be completed. PACSI's initial Request for Admissions was served on September 8, 2004. The Preliminary Pretrial Order in this matter was entered on November 17, 2004. (Doc. #18.) This Order essentially allows the Parties to begin discovery and the discovery cutoff was set at June 1, 2005. PACSI has subsequently sought and received leave of Court to extend this discovery deadline for ninety (90) days. Also, the deadline for requests for admissions was set at March 31, 2005. Therefore, while an amended answer was not provided until after PACSI had filed this Motion To Compel

Admissions, the amended answer was well before the completion of discovery and before the deadline for requests for admissions.

Toke's original responses to Requests one (1) through twenty-four (24) were not in accordance with Rule 36(a). However, Toke's amended responses to these Requests, which were served before the request-for-admissions deadline and well before the discovery deadline, set forth in enough detail a valid reason why Toke could not truthfully respond, that reason being that additional discovery would be required. Also, Toke's original response to Requests twenty-five (25) through thirty (30) set forth in enough detail valid reasons why Toke could not truthfully admit or deny the Requests. Therefore, particularly in light of the fact that PACSI's Request for Admissions were initially served well before discovery was to begin, Toke's responses were not violative of Fed.R.Civ.P. 36(a). In the interest of justice and a full adjudication of the issues, PACSI's Motion To Deem Requests for Admissions Admitted (doc. #20) is OVERRULED.

## MOTION TO STRIKE

Toke moves to strike PACSI's Answer to his Amended Complaint because it was not filed within twenty days of when the Amended Complaint was filed. (Doc. #45.) The Amended Complaint was filed on June 8, 2005. PACSI's Answer was filed on July 14, 2005, and PACSI did not obtain leave of court to file its Answer to the Amended Complaint outside of the twenty-day time limit for answering. Also regarding timing, this Motion comes on August 10, 2005, more than thirty (30) days after PACSI's Answer to the Amended Complaint was filed.

PACSI responds that the Court did not treat the amended complaint as anything other than a record-keeping issue and PACSI answered. PACSI also argues that settlement discussions

were underway at the time and, when the discussions were unsuccessful, PACSI went back into a pleading mode and filed their Answer. Finally, PACSI argues that no one has been prejudiced by their late filing.

First, the Court did not treat the Amended Complaint as a record-keeping issue as PACSI would have one believe. That being said, the Court agrees that no one has been prejudiced and, in the interest of justice and a full adjudication of the issues, PACSI's Answer to the Amended Complaint will stand. Toke's Motion To Strike (doc. #45) is OVERRULED.

## MOTIONS FOR SUMMARY JUDGMENT AND EXTENSIONS TO RESPOND

Remaining to be adjudicated is PACSI's Motion for Summary Judgment (doc. #26) filed on May 27, 2005, and the Hadick Defendants' Motion for Summary Judgment filed on July 15, 2005 (doc. #35). Toke has not yet responded to either and has filed numerous Motions for Extensions of Time To Respond beginning as early as June 20, 2005. (Doc. #30, 40, 41, 51, 52.) PACSI and the Hadick Defendants have generally opposed granting an extension of time to respond to their Motions for Summary Judgment.

The Court has delayed addressing the Motions for Summary Judgment due to various other Motions filed by the Parties and due to attempts, including one by the Court, to settle the matter. Those other Motions have now been addressed hereinbefore and settlement attempts have been futile. Also, all Parties have indicated their desire to now resolve the issues on the merits. Therefore, the Motions for Summary Judgment are next to be addressed and, in the interest of justice and a full adjudication upon the merits, Toke will be given an opportunity to respond.

In response to his various Motions for extensions of time, Toke is given until not later than fourteen (14) days following entry of this Order to respond to PACSI and the Hadick

-11-

Defendants' Motions for Summary Judgment. Also, PACSI and the Hadick Defendants are given until not later than fourteen (14) days following the filing of Toke's Responses to Reply. Finally, the Court needs time to adequately and fairly assess the Motions for Summary Judgment before the Final Pretrial Conference scheduled for January 5, 2006, therefore, no further extensions of time will be granted.

**DONE** and **ORDERED** in Dayton, Ohio, this Sixth day of September, 2005.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record