**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

**RONALD J. TOKE,**

        **Plaintiff,**

**-vs-**                                        **Case No.  3-:04-CV-222**

**RUSS HADICK & ASSOCIATES PROFIT
SHARING PLAN AND TRUST, et al.,**

                                                     **Judge Thomas M. Rose**

        **Defendants.**

---

**ENTRY AND ORDER GRANTING THE HADICK DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT (Doc. #35); GRANTING PACSI'S MOTION
FOR SUMMARY JUDGMENT (Doc. #26) AND TERMINATING THE CASE**

---

        This ERISA complaint arises from the participation of Plaintiff Ronald J. Toke ("Toke") in the Russ Hadick & Associates Profit Sharing Plan and Trust (the "Plan"), a Defendant in this matter. The Plan was offered by Defendant Russ Hadick and Associates, Inc. and Defendants Russell Hadick, Karol Hadick and Bob Hadick were, at various times, allegedly trustees of the Plan.[1] Defendant Pension Administrator and Consulting Services ("PACSI") was allegedly an administrator of the Plan.

        Toke's Amended Complaint includes four Counts. Count I is against Russell and Karol Hadick for breach of fiduciary duty. Count II is for unjust enrichment against Bob, Russell and Karol Hadick and against Russ Hadick and Associates. Count III is against Bob, Russell and Karol Hadick and against Russ Hadick and Associates for failing or refusing to turn over a copy

---

[1]Russell Hadick, Karol Hadick, Bob Hadick, Russ Hadick and Associates and the Plan are collectively referred to herein as "The Hadick Defendants."

of the Plan to Toke. Count IV is against PACSI for failing or refusing to turn over a copy of the Plan to Toke. Finally, Count V is against Bob and Karol Hadick for telling Toke that he had to participate in the Plan.

PACSI crossclaimed against the Hadick Defendants. PACSI's crossclaim sought contractual indemnity, common law indemnity and contribution. PACSI's crossclaim has now been dismissed by agreement of the Parties involved. (Doc. #39).

Now before the Court are the Hadick Defendants' Motion for Summary Judgment (doc. #35) and PACSI's Motion for Summary Judgment (doc. #26.) These Motions are now fully briefed and ripe for decision. The standard of review for motions for summary judgment will first be set forth followed by an analysis of each of the Motions.

## STANDARD OF REVIEW

The standard of review applicable to motions for summary judgment is established by Federal Rule of Civil Procedure 56 and the associated caselaw. Rule 56 provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

Alternatively, summary judgment is denied "[i]f there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Hancock v. Dodson*, 958 F.2d 1367, 1374 (6th Cir. 1992) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)). Thus, summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an

element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party seeking summary judgment has the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)).

Once the burden of production has shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rule 56 "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex Corp.*, 477 U.S. at 324.

In determining whether a genuine issue of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in the favor of that party. *Anderson*, 477 U.S. at 255. If the parties present conflicting evidence, a court may not decide which evidence to believe by determining which parties' affiants are more credible. 10A Wright & Miller, *Federal Practice and Procedure*, §2726. Rather, credibility determinations must be left to the fact-finder. *Id.*

Finally, in ruling on a motion for summary judgment, "[a] district court is not …obligated to wade through and search the entire record for some specific facts that might

support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied*, 494 U.S. 1091 (1990). Thus, in determining whether a genuine issue of material fact exists on a particular issue, the court is entitled to rely upon the Rule 56 evidence specifically called to its attention by the parties. The Rule 56 evidence includes the verified pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits submitted. Fed. R. Civ. P. 56(c).

Toke's Amended Complaint is verified. "Although statements in a verified complaint may function as the equivalent of affidavit statements for purposes of summary judgment …affidavit statements must be based on personal knowledge." *Weberg v. Franks*, 229 F.3d 514, 516 n.13 (6th Cir. 2000). Moreover, "an affidavit not based on personal knowledge does not create issue of fact precluding summary judgment." *Erickson v. Farmland Indus.*, 271 F.3d 718, 728 (8th Cir. 2001). Therefore, a statement in a verified complaint that is not based upon personal knowledge does not create an issue of fact precluding summary judgment. The analysis now turns to the Hadick Defendants' Motion for Summary Judgment.

## THE HADICK DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The Hadick Defendants argue that the Amended Complaint fails to sufficiently allege a cause of action under either ERISA Section 502(a)(1)(B), Section 502(a)(3) or 409(a) and all of Toke's state law claims are preempted by ERISA. Toke responds that he has set forth ERISA claims that can be adjudicated.

Section 502 of ERISA identifies six types of civil actions that may be brought by various parties. *Massachusetts Mutual Life Insurance Company v. Russell*, 473 U.S. 134, 139-40 (1985).

Further, these six civil enforcement provisions are "strong evidence" that Congress did not intend to authorize other remedies. *Id.* at 146.

Section 502(a)(1) provides that a civil action may be brought by a participant or beneficiary for the relief provided in subsection (c)[2] or to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of his plan or to clarify his rights to future benefits under the terms of the plan. *Id.* at 140. Section 502(a)(2) provides that a civil action may also be brought by a participant, beneficiary or fiduciary for appropriate relief under Section 409 of ERISA[3]. *Id.* Section 502(a)(3) provides that a civil action may be brought by a participant, beneficiary or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief. 29 U.S.C. §1132(a)(3). In addition, only certain types of relief are available for each of the civil actions that may be brought.

The Hadick Defendants have argued that Toke makes no ERISA claims. Therefore, each of the claims identified in Toke's Response to the Hadick Defendants' Motion for Summary Judgment will be analyzed to determine if Toke has brought an action that is recognized under ERISA and if the relief sought is available under ERISA.

Failure To Provide Plan Documentation

Toke presents Rule 56 evidence that, in the beginning of 1996, Russell Hadick and Karol Hadick advised him that a pension plan was commenced but he never saw the written plan. (Am. Compl. 6.) Toke also presents Rule 56 evidence that the Hadick Defendants failed to give him a

---

[2] Subsection (c) provides relief for an administrator's refusal to supply requested information. 29 U.S.C. §1132(c).

[3] Section 409 establishes liability for breach of fiduciary duty. *Massachusetts*, 473 U.S. at 139.

copy of the summary plan description when the Plan was commenced and failed to give him the summary annual reports or the form 5500 each year. (Am. Compl. ¶ 32.) In addition, Toke presents Rule 56 evidence that the Hadick Defendants "failed and refused" to turn over a copy of the Plan to him or his Counsel after a request was made in Interrogatories and Request for Production of Documents. (Am. Compl. ¶ 25.)

The Hadick Defendants respond that Toke did not make a written request for plan documentation prior to litigation and they responded to Toke's discovery request by indicating that a copy of the Plan documents was available for inspection at their attorney's office. (Response To Plaintiff's First Request for Production of Documents #2.) Further, Toke's Amended Complaint indicates that he received a copy of the Plan document on March 27, 2004. (Am. Compl. ¶ 27.)

Under ERISA, the plan administrator is required to furnish a copy of a summary plan description and other information to each participant covered by the Plan. 29 U.S.C. §1021(a). A copy of the summary plan description is to be provided not later than ninety (90) days after an individual becomes a participant in the plan. 29 U.S.C. §1024(b)(1).

In addition, the plan administrator is required to furnish an annual report to each plan participant. 29 U.S.C. §1023(a). The annual report is to be furnished within 210 days after the close of the fiscal year of the plan. 29 U.S.C. §1024(b)(3).

Finally, the plan administrator is required to provide a copy of the latest updated summary plan description, the latest annual report, any terminal reports and certain other information to a plan participant. 29 U.S.C. §1024(b)(4). This updated information is to be provided upon written request of any participant. Id.

Since Toke has presented evidence that he did not receive copy of the summary plan description when the Plan was commenced and did not receive the summary annual reports or the form 5500 each year, he has arguably stated an ERISA claim against the Hadick Defendants. However the relief that Toke seeks for this claim is not provided by ERISA.

Toke seeks substantive damages in the form of monetary relief for the Hadick Defendants' alleged failure to provide a written copy of the Plan when the Plan was begun. Toke also seeks substantive damages in the form of monetary relief for the Hadick Defendants' alleged failure to provide summary annual reports. These are alleged reporting and disclosure procedural violations. Yet, ERISA does not provide for substantive damages for procedural violations. *Anderson v. Mrs. Grissom's Salads, Inc.*, 221 F.3d 1333, 2000 WL 875365 at **4 (6th Cir. 2000).

Failure to provide copies of the Plan documents upon request is not a procedural requirement and is, thus, a different issue. ERISA provides for monetary liability for Plan Administrators who fail to provide certain Plan information, including a copy of the Plan, a Summary Plan Description and Summary Annual Reports. 29 U.S.C. §1132(c)(B).

However, the Hadick Defendants are not liable for damages for failing to provide copies of the Plan documents when requested because Toke did not provide a written request for these documents until after this lawsuit was brought and documents then requested were made available to Toke. Therefore, the relief that Toke seeks is not provided for his procedural violation claims. In addition, there are no genuine issues of material fact and Toke is not entitled to judgment as a matter of law on his ERISA claim that the Hadick Defendants failed to provide certain Plan documents upon written request.

<u>Failure To Inform That a Choice Was Available</u>

Toke next presents Rule 56 evidence that he was told that he was required to have 15% withheld from each paycheck and that he was given no choice and had to be included in the Plan. (Am. Compl. 7.) Toke also provides Rule 56 evidence that Section 3.8 of the Plan permits an employee to voluntarily elect not to participate in the Plan subject to "RHA's" approval. (Answer To Interrogatory 17.) Toke alleges that this is also a "very clear, simple statement of violation of law" and refers to *Varity Corp. v. Howe* as a source of the law that was violated. 516 U.S. 489 (1996).

*Varity* indicates that a fiduciary who significantly and deliberately misleads a plan participant has violated the fiduciary responsibilities set forth in ERISA Section 404. *Varity*, 516 U.S. at 506. Further, the Parties do not dispute that Russell and Karol Hadick were Plan fiduciaries at the inception of the Plan. Therefore, Toke has presented evidence that Russell and Karol Hadick violated their fiduciary responsibilities when they told him that he had no choice and had to be included in the Plan. However, Toke has not sought a remedy for this alleged misrepresentation that is available to him under ERISA.

Section 502(a)(1) of ERISA provides that a participant or beneficiary may bring a civil action to recover benefits due under the terms of a plan, to enforce rights under the terms of a plan or to clarify rights to future benefits under the terms of a plan. However, in this claim, Toke is not seeking to recover benefits due to him under the Plan or to enforce his rights under the terms of his plan. In fact, there is Rule 56 evidence, not disputed by Toke, that the Plan was terminated effective April 1, 2005, and that all of the benefits that he accrued under the plan, totaling $122,072.44, were paid to him on June 27, 2005. (Tara M. Hessert Aff. ¶¶ 7, 8 7/14/05.)

Section 502(a)(2) provides for a civil action to enforce the fiduciary responsibilities set forth in ERISA. However Section 502(a)(2) does not provide a remedy for individual beneficiaries, *Verity*, 516 U.S. at 515, and Toke seeks an individual remedy.

Section 502(a)(3) provides for a civil action for individualized equitable relief for breach of fiduciary obligations. *Verity*, 516 U.S. at 490. However, Section 502(a)(3) provides for equitable relief and does not provide for monetary relief. *Mertens v. Hewitt Associates*, 508 U.S. 248, 255 (1993); *Fraser v. Lintas: Campbell-Ewald*, 56 F.3d 722, 724 (6th Cir. 1995)[4], *cert. denied*, 516 U.S. 975 (1995). Individuals may seek traditional equitable remedies such as injunctions or restitution under Section 502(a)(3) but not monetary damages. *Mertens*, 508 U.S. at 255.

Toke seeks individualized monetary relief for the alleged breach of fiduciary duty. However, individualized monetary relief is not available for this claim. Therefore, there are no genuine issues of material fact and Toke's claim for an individual monetary remedy for a breach of fiduciary duty regarding required participation in the plan fails as a matter of law.

Contribution Was Compensation To Which Toke Was Entitled

Toke next presents Rule 56 evidence that 15% from his paycheck was contributed to the Plan but was actually compensation to which he was entitled. (Am. Compl. ¶8.) He initially alleges that, "this is a statement in violation of law" which, alone is not enough to state a claim. He then alleges that this was a violation of the Plan because the Hadick Defendants had an

---

[4] Toke cites *Warren v. Society National Bank*, 905 F.2d 975 (6th Cir. 1990) for the proposition that 502(a)(3) provides for individualized equitable relief in the form of monetary damages. However, this holding was overruled by the Supreme Court in *Mertens. Fraser,* 56 F.3d at 724.

obligation under the Plan to contribute to the Plan from the funds of Russ Hadick & Associates and not from monies to which Toke was entitled.

The Plan provides for an employer contribution and does not provide for an employee contribution. (PACSI Mot. S. J. , Ex. B, Art. IV.) Toke has identified Rule 56 evidence that the employer, Russ Hadick & Associates contributed to the Plan (Response To Interrog. #13) and that the employee, Toke, did not contribute to the plan (Karol Hadick Dep. 27 June 3, 2004).

By way of explanation, Russ Hadick & Associates indicates that, when the Plan was implemented, the amount of commission that Toke and others received was reduced. (Answer To Request for Admissions #42.) Russ Hadick & Associates made a commitment to Toke and others that, if for any Plan year Russ Hadick & Associates did not make an employer discretionary contribution to the Plan, Russ Hadick & Associates would pay Toke and others a cash bonus equal to the amount of commissions that would have been earned under the commission scale in effect before the Plan was implemented. (Id.)

Therefore, while the amount of Toke's commission may have been reduced upon implementation of the Plan, Toke has not shown that the terms of the Plan were violated. Toke also has not shown that the reduction in commission is a violation of ERISA. There are no genuine issues of material fact and Toke's claim regarding Russ Hadick & Associate's contribution to the Plan fails as a matter of law.

Breach of Contract

Toke next presents Rule 56 evidence that Russ Hadick & Associates failed to pay him 15% of the compensation to which he was entitled. (Am. Compl. ¶9.) However, this is not a complaint regarding failure to pay an ERISA benefit and is, therefore, not an ERISA complaint.

Deception

Toke next presents Rule 56 evidence that the Hadick Defendants deceived him to save Russ Hadick & Associates money at his expense and that this violated the Hadick Defendants' fiduciary duties under the Plan. (Am. Compl. ¶10.) This Rule 56 evidence alleges a breach of fiduciary duties. However, as indicated above, Toke is seeking but is not entitled to individualized monetary relief for this claim. Therefore, there are no genuine issues of material fact and this deception claim fails as a matter of law.

Unequal Treatment

Toke next presents Rule 56 evidence that the Plan did not treat all employees equally. (Am. Compl. ¶11, 12.) He then argues that treating individual members of the Plan differently is a violation of the fiduciary duty owed to him by the Hadick Defendants. However, Toke is seeking but is not entitled to individualized monetary relief for this breach-of-fiduciary-duty claim, as indicated above. Therefore, there are no genuine issues of material fact and Toke's unequal treatment claim fails as a matter of law.

Commingled Funds

Toke argues that the money that was withheld from his paycheck was commingled with the regular money of Russ Hadick & Associates in violation of ERISA. However, Toke does not indicate specifically which part of ERISA was violated. Also, the evidence cited, other than an unsupported allegation in Toke's Amended Complaint (Am. Compl. 17), refers to Russ Hadick & Associates' contribution to the Plan and not money withheld from Toke's paycheck. Finally, it is not clear as to whether the money was kept in "the checking account" before or after it was contributed. (Karol Hadick Dep. 33 June 3, 2004.) Therefore, there are no genuine issues of

material fact and Toke has not shown that funds were commingled or that the alleged commingling was a violation of ERISA.

### Required Participation

Toke presents Rule 56 evidence that he was told in January of 2003 that he had to participate in the Plan. (Am. Compl. ¶33.) He also presents evidence that the Plan as amended and restated effective January 1, 2002, permits an employee to voluntarily elect not to participate in the Plan. (Answer To Interrogatory # 20.) This is evidence of an alleged misrepresentation by a plan fiduciary and is thus an alleged breach of fiduciary duty. However, as indicated above, Toke is seeking but is not entitled to individualized monetary relief for this claim. Therefore, there are no genuine issues of material fact and this "required participation" claim fails as a matter of law.

### Failure To Notify of Change of Trustees

Toke presents Rule 56 evidence that the Trustees of the Plan were changed and he was never notified of the change. (Am. Compl. ¶ 15.) Toke argues that the Summary Plan Description is to include the names of the Trustees and, since he did not receive annual copies of the Summary Plan Description, he did not know that the Trustees had changed.

This is another alleged reporting violation. Without addressing its validity, if it were true, it could not stand because, as determined above, Toke is seeking substantive damages and ERISA does not provide for substantive damages for reporting failures.

### State-Law Claims

The Hadick Defendants argue that, to the extent that Toke has brought state-law claims, they are preempted by ERISA. Toke agrees and states that, "the claims of breach of fiduciary

duty, fraud, intentional or negligent misrepresentation, unjust enrichment and breach of contract are not state law claims, but are in fact claims of violation of ERISA…" (Memorandum In Opposition, Doc. #55 at 25.)

### Improper Rule 56 Evidence

In their Reply, the Hadick Defendants adopt PACSI's argument that the Court should strike or disregard all of the improper evidence that Toke has submitted. Specifically, the Hadick Defendants want the Court to strike affidavits from Toke's attorney and from witnesses that Toke did not disclose. However, none of these affidavits were considered with regard to the Hadick Defendants' Motion for Summary Judgment. This request is, therefore, moot with regard to the Hadick Defendants' Motion for Summary Judgment.

### Conclusion

Toke makes several claims against the Hadick Defendants including failure to provide plan documentation, failure to inform that a choice was available or that plan trustees had changed, breach of contract, deception, unequal treatment, commingled funds, required participation, and that the contribution made by the Hadick Defendants on his behalf was compensation to which he was entitled. He has further presented Rule 56 evidence that creates genuine issues of material fact as to whether these charges are valid violations of ERISA. However, the remedy that Toke seeks is not available for any of the potentially valid violations of ERISA that he presents. Also, Toke has not brought any claims other than the ERISA claims. Therefore, Toke's claims must fail as a matter of law and the Hadick Defendants' Motion for Summary Judgment is GRANTED.

The Hadick Defendants seek an award of attorneys' fees should their Motion for Summary Judgment be granted. However, this request is not fully briefed by either the Hadick Defendants or Toke. Therefore, this request is overruled and the Hadick Defendants may submit a renewed motion for an award of attorneys' fees if they so desire.

### PACSI'S MOTION FOR SUMMARY JUDGMENT

Count Four of Toke's Amended Complaint is against PACSI for failing and refusing to give Toke a copy of the Plan and other Plan documents. PACSI argues that Toke cannot show that PACSI was "the" administrator of the Plan or that PACSI had fiduciary liability under the Plan to provide the Plan documents. PACSI also argues that Count Four of Toke's Amended Complaint, to the extent that it is a fraud claim, fails because it is preempted by ERISA and because fraud was not pled with the particularity required by Fed.R.Civ.P. 9(b). Finally, PACSI argues that Toke's claim regarding failure to provide documents fails because Toke never made a written request for the documents.

Toke responds by citing a legal conclusion from his Amended Complaint that PACSI "is and was the administrator of the Russ Hadick & Associates Profit Sharing Plan and Trust." (Am. Compl. ¶29.) The basis for this legal conclusion is that he and his counsel were told by the Hadick Defendants that they had to get a copy of the Plan from PACSI and that he had a right to rely upon this statement. (Toke Aff. Sept. 20, 2005.)

A plan administrator is one who is designated as such by the plan and one who has discretionary authority or discretionary responsibility in the administration of the plan. 29 U.S.C. §1002(16), 29 C.F.R. 2509.75-8-3. As a result, persons who hold the position of plan administrator are fiduciaries. 29 C.F.R. 2509.75-8-3. Finally, liability for breach of fiduciary

duty under ERISA may be imposed only against ERISA-defined fiduciaries. *Mertens*, 508 U.S. at 253.

In this case, the Summary Plan Description provides that Russ Hadick & Associates is both the Employer and the Plan Administrator. (Summary Plan Description 14.) The Plan provides that the Administrator is the Employer "unless another person or entity had been designated by the Employer pursuant to Section 2.2 to administer the Plan on behalf of the Employer." (Plan §1.2.) Section 2.2 of the Plan provides that the Employer shall be the administrator but may appoint any person to perform the duties of the Administrator. (Id. §2.2.) Section 2 makes no further mention of the designation or appointment of an Administrator.

The Third Party Administrative Service Agreement (the "Agreement") between Russ Hadick & Associates and PACSI indicates that PACSI may have been employed pursuant to Section 2.2 of the Plan to administer the Plan on behalf of Russ Hadick & Associates but was not employed as the Administrator as defined by the Plan. The Agreement provides that PACSI will perform ministerial work within the framework of policies, interpretations, rules, practices and procedures made by Russ Hadick & Associates. (Agreement §3.) Further, pursuant to the Agreement, PACSI had no discretionary authority or discretionary controls with regard to the Plan. (Id.)

The Plan documents together with the Agreement show that PACSI was not the Plan Administrator and was, therefore, not an ERISA-defined fiduciary with regard to the Plan. The Plan documents and the Agreement indicate that Russ Hadick & Associates was the Plan Administrator and Russ Hadick & Associates contracted with PACSI to provide ministerial services and not fiduciary services for the Plan. *See e.g.*, *Wayman by Matthews v. Colonial Penn*

*Life Insurance Co.*, 805 F.Supp. 525, 531 (E.D. Tenn. 1992)(a plan administrator who merely performs claims processing, investigatory and record-keeping duties is not a fiduciary"); *Mitnik v. Cannon*, 784 F.Supp. 1190, 1194 (E.D. Pa. 1992)(a plan administrator who performs accounting and record-keeping functions only is not a fiduciary), *affirmed*, 989 F.2d 488 (3rd Cir. 1993).

Toke introduces evidence that Karol Hadick testified that PACSI "administered the plan" and that PACSI "did everything." (Karol Hadick Dep. 28 June 3, 2004.) Karol Hadick further testified that PACSI dealt with the IRS regarding the Plan (Id. 30.)

Karol Hadick's testimony is not inconsistent with the Plan documents and other evidence showing that PACSI performed ministerial duties for the Plan. This evidence does not, however, show that PACSI was the Plan Administrator or that PACSI had fiduciary duties with regard to the Plan. The official Plan Documents are looked to for this information.

Since PACSI was not the Plan Administrator and had no fiduciary responsibilities regarding the Plan, PACSI is not obligated under ERISA to Toke regarding providing Plan documents. However, Russ Hadick & Associates was the Plan Administrator and had fiduciary responsibility for the Plan. Therefore, if Toke was misinformed by Russ Hadick & Associates about where or how to obtain a copy of Plan documents, Toke should look to Russ Hadick & Associates for a remedy and may not look to PACSI.

Conclusion

The Plan documents and other evidence before the Court shows that PACSI was not the Plan Administrator and did not have fiduciary duties with regard to the Plan. Since an ERISA claim may not be brought against a non fiduciary, Count Four of Toke's Amended Complaint

against PACSI, which is an ERISA claim, must fail. There are no genuine issues of material fact and PACSI is entitled to judgment as a matter of law. PACSI's Motion for Summary Judgment is GRANTED.

Since PACSI is granted summary judgment for other reasons, PACSI's arguments regarding the possible fraud claim need not be addressed. Also, PACSI argues that improper Rule 56 evidence submitted by Toke should be struck or disregarded. PACSI specifically identifies affidavits from Toke's attorney and from witnesses that Toke did not disclose. However, none of these affidavits were considered with regard to PACSI's Motion for Summary Judgment. This request is, therefore, moot with regard to PACSI's Motion for Summary Judgment.

## SUMMARY

The Hadick Defendants' and PACSI's Motions for Summary Judgment are granted. No further claims remain to be adjudicated. Therefore, the captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Twenty-Seventh day of October, 2005.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record