# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

**RONALD J. TOKE,**

       **Plaintiff,**

-vs-                                                         **Case No.  3-:04-CV-222**

**RUSS HADICK & ASSOCIATES PROFIT**
**SHARING PLAN AND TRUST, et al.,**

                                                         **Judge Thomas M. Rose**

       **Defendants.**

**ENTRY AND ORDER STRIKING PACSI'S FEE APPLICATION (Doc. #67); DENYING  SANCTIONS AGAINST TOKE AND TERMINATING THE CASE**

       This matter is before the Court for a determination of the amount of fees and expenses due to PACSI as a sanction for certain of Plaintiff's Ronald J. Toke's actions. The claims in this matter were resolved and PACSI then moved for sanctions against Toke.

       In an Entry and Order docketed on January 3, 2006 (the "Order"), this Court ruled that PACSI was entitled to sanctions against Toke for time spent on addressing pleadings, written motions or other papers presented by Toke after Toke received valid evidence on May 27, 2005, from which he could reasonably conclude that PACSI was not a Plan fiduciary. (Doc. #66.) PASCI was given "until not later than thirty days following entry of this Order" to provide the appropriate evidence needed by the Court to determine the amount of the sanctions.

       On February 3, 2006, PACSI filed its Fee Application. (Doc. #67.) Toke then moved to strike PACSI's Fee Application (doc. #68) followed by a Memorandum In Opposition to PACSI's Fee Application (doc. #70). PACSI then filed a Memorandum In Opposition to Toke's

Motion To Strike. (Doc. 69.) No further memorandums have been filed and the time has run for further filings. Therefore, the issue of sanctions is now ripe for decision. Since it is dispositive, Toke's Motion To Strike will first be addressed.

Toke argues that PACSI's Fee Application should be struck because it was not filed within the time limit set by the Court. On this issue, Toke is correct.

The Order required PACSI to file its Fee Application not later than thirty days following entry of the Order. The Order was entered on January 3, 2006. PACSI's Fee Application was filed on February 3, 2006.

Federal Rule of Civil Procedure 6 provides the method for computing a period of time prescribed by an order of this Court. Rule 6 mandates that the day of the event from which the designated period of time begins to run is not included and the last day of the period is included unless it is a Saturday, Sunday or legal holiday. The last day also cannot be a day on which weather or other conditions have made the office of the Clerk of Courts inaccessible.

The day of the event in this case is the day the Order was entered which is January 3, 2006. Therefore, the thirty-day count begins on January 4, 2006. The thirtieth day then becomes Thursday, February 2, 2006. Since Thursday, February 2, 2006, is not a Saturday, Sunday or legal holiday and since the office of the Clerk of Courts was accessible on that day, PACSI was to have filed its Fee Application not later than February 2, 2006. However, PACSI's Fee Application was filed one day later on February 3, 2006.

PACSI incorrectly argues that thirty days after entry of the Order was February 3, 2006. PACSI goes on to say that Toke's Motion To Strike "actually exemplifies why the Court should

assess the full amount of attorney fees and costs that PACSI has requested." However, it is PACSI's actions that should be examined.

After opposing dismissal of Toke's Complaint because Toke would not agree to pay its fees, PACSI successfully engaged the Court in an examination of cause for sanctions against Toke. PACSI strongly argued that it was entitled to sanctions for Toke's actions and that Toke had been warned several times regarding possible sanctions. After an extensive and time-consuming review of Toke's actions, the Court granted sanctions. But, the sanctions were granted only if PACSI presented the necessary evidence within thirty days, a time period which PACSI then elected to ignore. PACSI's response to Toke's Motion To Strike offered no reason for missing the Court-imposed deadline and, instead, chastised Toke for his opposition. Yet it was PACSI's Fee Application that was not filed within the Court-imposed deadline.

Therefore, Toke's Motion To Strike is well-founded. PACSI's Fee Application is Struck. Further, PACSI was given adequate time, was unable to provide the necessary information within the Court-imposed deadline and has offered no explanation therefore.  As a result, PACSI is not entitled to sanctions against Toke.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Thirtieth day of March, 2006.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

Counsel of Record